UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN A. NOOL and ARLENE G. NOOL,<br>     Plaintiffs,<br>v.<br>HOMEQ SERVICING, *et al.*,<br>     Defendants. | 1:09-CV-0885 OWW DLB<br><br>MEMORANDUM DECISION RE BARCLAYS CAPITAL REAL ESTATE, INC. (erroneously sued as HOMEQ SERVICING) (DOC. 5). |

## I. INTRODUCTION

Barclays Capital Real Estate Inc. ("Barclays"), erroneously sued as HomeQ Servicing, moves to dismiss Jonathan A. and Arlene G. Nool's ("Plaintiffs") complaint pursuant to Federal Rule of Civil Procedure 9(b) and 12(b)(6). Doc. 8. On May 4, 2009, Plaintiffs filed a complaint in Fresno County Superior Court, alleging ten causes of action under: (1) the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1610, *et seq.*; (2) California Civil Code

1

§ 2923.6; (3) the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*; (4) California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788 *et seq.*; (5) various predatory lending/ fraud statutes and regulations, including TILA, 12 C.F.R. § 226.32 (part of "Regulation Z"), Cal. Fin. Code § 4970, and Cal. Civ. Code § 1930; (6) fraud; (7) unfair business practices, Cal. Bus Prof. Code §§ 17200, *et seq.*; (8) breach of fiduciary duty; (9) for quiet title; and (1) for breach of the implied covenant of good faith and fair dealing.  Doc. 1.

On May 19, 2009, Defendant removed the action to federal court pursuant to 28 U.S.C. §§ 1331, 1441 based on federal question jurisdiction.  *Id*.  On June 2, 2009, Defendant moved to dismiss all of the claims in the case.  Doc. 5.  Plaintiff opposes dismissal of the TILA, California Civil Code § 2923.6, FDCPA, RFDCPA, fraud, unfair business practices, and quiet title claims.  Doc. 9, filed June 19, 2009.  Defendant replied.  Doc. 11, filed August 25, 2009.

## II. LEGAL STANDARD

A.   Rule 12(b)(6) Motion to Dismiss.

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In deciding whether to grant a motion to dismiss, the court "accept [s] all

2

factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party. *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id*. (citing *Twombly*, 550 U.S. 556-57). Dismissal also can be based on the lack of a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### III. BACKGROUND

On or about May 11, 2006, Plaintiff refinanced the purchase of a residential property located at 5799 West Cromwell Avenue, Fresno, California ("Subject Property") in the amount of $397,500.00, at an initial interest rate of 8.180 percent, adjusting after two years, never to exceed 15.180 percent ("Subject Loan"). Compl. ¶¶ 5, 16. Mr. Nool was involved in an automobile accident, rendering Plaintiffs unable to pay their

3

mortgage. *Id.* at ¶2.

Plaintiffs allege that Defendants "work[ed] in concert [and] conspired to place borrowers, such as Plaintiffs ..., in the worst possible home loans for the borrowers, but the most profitable loans for them." *Id.* at ¶1. Plaintiffs further allege that Defendants engaged in wrongful conduct related to its loan practices, including failing to provide mandated disclosures in a clear and conspicuous way; materially misstating other disclosures, such as the actual interest rate on the note; failing to adequately provide adequate notice of the right to rescind; and failing to determine and disclose that Plaintiffs did not qualify to obtain the loan. *Id.* at ¶3. Plaintiffs request rescission of the Subject Loan, damages, and injunctive and declaratory relief.

## IV. ANALYSIS

A. **TILA.**

Plaintiffs allege that Defendants failed to make certain "cost of credit" disclosures to them before closing the loan in violation of TILA and Regulation Z, 12 C.F.R. § 226, *et seq.*[1] Compl. ¶23. There are two types of remedies available under TILA and Regulation Z: statutory damages and rescission. 15 U.S.C. §§

---

[1] Regulation Z, 12 C.F.R. § 226.4(c)(2), interprets TILA by defining terms such as "finance charge." Claims brought under Regulation Z are subject to TILA's statute of limitations. *See, e.g., Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 11990-91 (2009).

1635(f), 1640(a). The statute of limitations for bringing a claim for statutory damages is one year from the date of the occurrence of the violation. § 1640(e).

Here, Plaintiffs entered into the challenged loan transaction on May 11, 2006. There is no allegation in the complaint suggesting that any TILA violation would have accrued on a later date. Therefore, the statute of limitations for any statutory damages claim expired on May 11, 2007. Plaintiffs did not file this lawsuit until May 4, 2009, almost two years later. Any damages claims under TILA are barred.

In addition to damages, rescission is available under TILA in some circumstances. 15 U.S.C. § 1635; 12 C.F.R. § 226.23. The consumer's right to rescission is absolute only for a period of three days after the loan is consummated, 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3), unless the lender fails to provide "material disclosures" at the closing, in which case the period is extended to three years, 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). Here, there is an allegation in complaint that the lender failed to make "material disclosures," and Plaintiffs did initiate this lawsuit within the three year time period.

However, the property has been sold at a foreclosure auction, which terminates any right of rescission under TILA. 15 U.S.C. § 1635(f) provides that "an obligor's right of rescission shall expire three years after the date of

5

consummation of the transaction or upon the sale of the property, whichever occurs first...." *See also Hallas v. Ameriquest Mortg'g Co.,* 406 F. Supp. 2d 1176, 1183 (D. Or. 2005); *Worthy v. World Wide Fin. Servs. Inc.,* 347 F. Supp. 2d 502, 507 (E.D. Mich. 2004).

Plaintiffs' TILA claim is DISMISSED WITHOUT LEAVE TO AMEND.

B.   Cal. Civ. Code § 2923.6.

Plaintiffs next claim that California Civil Code § 2923.6 mandates that loan servicers, such as Defendant, attempt to negotiate a loan modification with the borrower.  Compl. ¶30. Section 2923.6 provides in pertinent part:

> (a) The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, not to any particular parties, and that a servicer acts in the best interests of all parties if it agrees to or implements a loan modification or workout plan for which both of the following apply:
>
> (1) The loan is in payment default, or payment default is reasonably foreseeable.
>
> (2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.
>
> (b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

This legislation was recently enacted, and there is little authority interpreting it.  Section (a) provides that modifying individual loans within a loan pool does not violate the

6

servicer's duty to maximize net present value under their pooling/servicing agreements, so long as the modified loan was at risk of default. This section is not applicable here. *See Pittman v. Barclays Capital Real Estate, Inc.*, 2009 WL 1108889, at *3 (S.D. Cal. Apr. 24, 2009) ("[T]he cited statute clearly addresses this concern by creating a duty between a loan servicer and a loan pool member. The statute in no way confers standing on a borrower to contest a breach of that duty.").

Some courts have suggested that section (b) imposes a duty upon lenders to negotiate loan modifications. *See* In re Morgan-Austin, No. 08-40399, 2009 WL 780457, at *3 (Bankr. N.D.Cal. Feb. 14, 2009) ("Because of the national epidemic of foreclosures on home mortgages, in July 2008, the California legislature enacted emergency legislation, requiring lenders to attempt to negotiate workout agreements on loan defaults before commencing or continuing foreclosure proceedings.") (applying Cal. Civ. Code §§ 2923.5, 2923.6, 2924.8, and 2929.3.). However, the language of section (b) belies the imposition of any <u>duty</u> to engage in loan modification discussions, as the provision merely expresses legislative "intent" that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification if doing so is consistent with its authority. *Pantoja v. Countrywide Home Loans, Inc.*, --- F. Supp. 2d ---, 2009 WL 2423707 (N.D. Cal. 2009); *see also Farner v. Countrywide Home Loans*, 2009 WL 189025,

7

at *2 (S.D. Cal. Jan. 26, 2009) ("[N]othing in Cal. Civ. Code § 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a private right of action for borrowers.").[2]

Plaintiffs request leave to amend to assert a claim under sections 2923.5 and 2923.6.  The California Civil Code § 2923.6 claim is DISMISSED WITH LEAVE TO AMEND, but Plaintiffs' counsel is reminded of his obligations under Federal Rule of Civil Procedure 11 to only assert claims for which there are colorable bases in law and fact after reasonable investigation.

C.   FDCPA/RFDCPA.

The Complaint next alleges that Defendants engaged in abusive debt collection practices in violation of federal and state laws regulating debt collection.  Compl. ¶¶ 34-49.  FDCPA regulates only "debt collectors."  *See* 15 U.S.C. §§ 1692(e)-(f).  "Debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  § 1692a(6).  "Debt Collector" does not include persons

---

[2] There is no authority that supports a private right of action directly under this statute.  *Anaya v. Advisors Lending Group*, 2009 WL 2424037 (E.D. Cal. Aug. 5, 2009); *Grodenski v. Artichoke Joe's Casino*, 171 Cal. App. 4th 1399, 1420 (2009) ("A statute creates a private right of action only if the enacting body so intended.").  However, if there was a duty to negotiate a loan modification, Plaintiffs could have brought such an action under California Business and Professions Code section 17200 which supports a private right of action for "any practices forbidden by law...."  *Sunders v. Superior Court*, 27 Cal. App. 4th 832, 838-39 (1994).

8

who collect debt "to the extent such activity ... (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person...." § 1692a(6)(F).  FDCPA's definition of debt collector "does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned."  *Perry v. Stewart Title Co.,* 756 F. 2d 1197, 1208 (5th Cir. 1985).  Nothing in the complaint suggests that Barclays is a "debt collector."  Therefore, the FDCPA is not triggered by Plaintiff's allegations.

The absence of a violation of FDCPA results in failure of Plaintiff's California RFDCPA claim, as the scope of California's law mirrors the federal statute.  *See* Cal. Civil Code, § 1788, *et seq.*  Moreover, California Civil Code 2924(b) exempts the trustees' acts of recording and servicing the required notice of default and notice of sale from RFDCPA's scope.

In the context of their unfair debt collection claims, Plaintiffs also allege that "none of Defendants have legal authority to enforce or collect on the Loan, as LENDER is not the note holder of said debt and can therefore not authorize TURSTEE or any one else to enforce or collect thereon."  Compl. ¶43.  This is a blatant misrepresentation of the law.  It is well-established that non-judicial foreclosures can be commenced

9

without producing the original promissory note.³  Non-judicial foreclosure under deeds of trust is governed by California Civil Code section 2924, *et seq*.  Section 2924(a)(1) provides that a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process.  California courts have held that the Civil Code Provisions "cover every aspect" of the foreclosure process, *I.E. Assoc. v Safeco Title Ins. Co.*, 39 Cal. 3d 281, 285 (1985), and are "intended to be exhaustive," *Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994).  There is no requirement that the party initiating foreclosure be in possession of the original note.  *See, e.g., Candelo v. NDEX West*, LLC, 2008 WL 5382259, at *4 (E.D. Cal. Dec. 23, 2008) ("No requirement exists under statutory framework to produce the original note to initiate non-judicial foreclosure."); *Putkkuri v. ReconTrust Co.*, 2009 WL 32567, *2 (S.D. Cal. Jan 5, 2009) ("Production of the original note is not required to proceed with a non-judicial foreclosure."); *see also Vargas v. Reconstruction Co.* , 2008 U.S. Dist. LEXIS 100115, at *8-9 (E.D. Cal. Dec. 1, 2008).

   Plaintiffs' FDCPA and RFDCPA claims are DISMISSED WITHOUT LEAVE TO AMEND.

---

³ In support of the proposition that foreclosure is not available in the absence of the underlying note, Plaintiffs cite cases from other states concerning <u>judicial</u>, rather than non-judicial foreclosure.  *See* Doc. 9 at 5.

10

**D.   Predatory Lending/Fraud Claims under TILA, Regulation Z, Cal. Fin Code § 4970, and Cal. Civ. Code § 1930.**

   **1.   Plaintiff's TILA & Regulation Z Claims.**

Plaintiffs allege that Defendant engaged in predatory lending/fraud in violation of TILA and Regulation Z.  These allegations are not cognizable because the statute of limitations under TILA and Regulation Z has expired.  *See supra* Part. IV.A.

   **2.   Cal. Fin. Code § 4973.**

Plaintiffs also allege that Defendants engaged in predatory lending/fraud in violation of California Financial Code § 4973. Compl. ¶52.  Section 4972 prohibits specific acts in connection with "covered loans."  A "Covered loan" is:

> A consumer loan in which the original principal balance of the loan does not exceed the most current conforming loan limit for a single-family first mortgage loan established by the Federal National Mortgage Association in the case of a mortgage or deed of trust, and where one of the following conditions are met:
>
> (1) For a mortgage or deed of trust, the annual percentage rate at consummation of the transaction will exceed by more than eight percentage points the yield on Treasury securities having comparable periods of maturity on the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor.
>
> (2) The total points and fees payable by the consumer at or before closing for a mortgage or deed of trust will exceed 6 percent of the total loan amount.

Cal. Fin. Code § 4970(b).  The most current conforming loan limit for a single family mortgage loan established by the Federal

National Mortgage Association is $417,000.00.[4]  Plaintiffs alleges that the principal of his loan is $343,200.00, but does not allege either that the annual percentage rate at consummation of the transaction exceeded the Treasury securities rate by more than eight percentage points or that the total points and fees paid by the consumer at or before closing exceeded six percent of the total loan amount.

Defendant's motion to dismiss the California Civil Code § 4970 claim is GRANTED WITHOUT LEAVE TO AMEND.

      a.  <u>Cal. Civ. Code § 1920.</u>

California Civil Code § 1920 provides, in its entirety:

> Any mortgage instrument that is made pursuant to the provisions of this chapter shall meet the following requirements:
>
> (a) Standards for the adjustment of interest rates or monthly payments shall consider factors which can reasonably be deemed to affect the ability of borrowers to meet their mortgage obligations.
>
> (b) No change in interest provided for in any provision for a variable interest rate contained in a security document, or evidence of debt issued in connection therewith, shall be valid unless the provision is set forth in the security document, and in any evidence of debt issued in connection therewith, and the document or documents contain the following provisions:
>
>> (1) A statement attached to the security document and to any evidence of debt issued in connection therewith printed or written in a size equal to at least 10-point bold type, consisting of language authorized by the secretary or the secretary's designee notifying the borrower that the mortgage may provide for changes in interest, principal loan balance, payment, or the loan term.

---

[4]  *See* Fannie Mae, About Fannie Mae: Loan Limits, available at: http://www.fanniemae.com/aboutfm/loanlimits.jhtml (last visited August 7, 2009.)

        (2) Before the due date of the first monthly installment following each change in the interest rate, notice shall be mailed to the borrower of the following:

            (A) The base index.

            (B) The most recently published index at the date of the change in the rate.

            (C) The interest rate in effect as a result of the change.

            (D) Any change in the monthly installment.

            (E) The amount of the unpaid principal balance.

            (F) If the interest scheduled to be paid on the due date exceeds the amount of the installment, a statement to that effect and the amount of the excess, and the address and telephone number of the office of the lender to which inquiries may be made.

(c) The borrower is permitted to prepay the loan in whole or in part without a prepayment charge at any time, and no fee or other charge may be required by the lender of the borrower as a result of any change in the interest rate, the payment, the outstanding principal loan balance, or the loan term.

(d) Changes in the rate of interest on the loan shall reflect the movement of an index, which shall be authorized by the secretary or the secretary's designee.

(e) To the extent that any monthly installment is less than the amount of interest accrued during the month with respect to which the installment is payable, the borrower shall be notified of such instance in a form and manner prescribed by the secretary or the secretary's designee. Such notice shall include, but not be limited to, the amount of interest exceeding the monthly installment, and any borrower options under these circumstances.

(f) The lender shall provide to the borrower, prior to the execution by the borrower of any mortgage payment instrument authorized pursuant to this chapter, full and complete disclosure, as specified by the secretary or the secretary's designee, of the nature and effect of the mortgage payment instrument, and all costs or savings attributed to the mortgage instrument.

13

Plaintiffs allege that Defendants "failed to consider, let alone make a rudimentary effort to verify, the ability of Plaintiff[s] to repay the Loan. Indeed, [Defendants] steered Plaintiff[s] into a "high cost" loan, or a more expensive loan with greater indebtedness, by grossly overestimate[ing] and falsifying, without Plaintiff's knowledge or participation, Plaintiff's income." Compl. at ¶55. These allegations arguably state a claim for violating these provisions which would be judicially reviewable under California Business and Professions Code § 17200.[5] However, section 1920 imposes duties on the lender, not the loan <u>servicer</u>. Barclays, erroneously sued as HomeQ, is the loan <u>servicer</u>. Barclays is entitled to dismissal on this ground. Plaintiffs did not request leave to amend this claim.

        b.    <u>Fraud Aspect of the Predatory Lending Claim.</u>

Plaintiffs entitle their predatory lending claim "Predatory Lending/Fraud." To the extent that Plaintiffs are trying to assert a claim for fraud, they have failed to comply with Federal Rule of Civil Procedure 9(b), which requires that Plaintiffs clearly set forth the "who, what, when, where, and how" concerning their fraud allegations. *Vess v. Ciba Geigy Corp.*

---

[5] There is no authority that supports a private right of action directly under this statute. *Marks v. Chicoine,* 2007 WL 1056779 (N.D. Cal. Apr. 06 2007); *Grodenski v. Artichoke Joe's Casino*, 171 Cal. App. 4th 1399, 1420 (2009) ("A statute creates a private right of action only if the enacting body so intended."). However, California Business and Professions Code section 17200 supports a private right of action for "any practices forbidden by law...." *Sunders*, 27 Cal. App. 4th 832, 838-39 (1994).

*USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Plaintiffs' entire predatory lending/fraud claim is DISMISSED WITHOUT LEAVE TO AMEND.

E.   Fraud.

Plaintiffs alleges in a separate cause of action that Defendants committed fraud on the ground that:

> Lender is not the true holder of the note or named on a deed of trust by virtue of the note, and thus have no authority to enforce, or authorize anyone else to enforce, the indebtedness. Nevertheless, and with knowledge of this fact, LENDER and TRUSTEE are attempting to collect money from Plaintiff[s] toward said note. TRUSTEE has a duty to Plaintiff[s] in not foreclosing without the authority to do so, and that duty was breached when foreclosure proceedings were initiated against Home.

There are no other fraud theories alleged in the complaint. As discussed above, there is nothing unlawful, improper or fraudulent about enforcing a mortgage note if you are not actually in physical possession of the note.

Plaintiffs' fraud claim is DISMISSED WITHOUT LEAVE TO AMEND.

F.   Unfair Business Practices.

The viability of a claim under California Business and Professions Code § 17200, et seq., depends on the viability of an underlying claim of unlawful conduct. *Ingels v. Westwood One Broadcasting Servs.*, Inc., 129 Cal. App. 4th 1050, 1060 (2005). Here, Plaintiffs' § 17200 claim depends on the six causes of action discussed above. Because none of them are viable, the § 17200 claim fails. However, because Plaintiffs have been granted

15

leave to amend their California Civil Code § 2923.6 claim, they may amend this claim as well, should they choose to do so.

The section 17200 claim is DISMISSED WITH LEAVE TO AMEND.

G.   Breach of Fiduciary Duty.

As a general rule, a financial institution owes no duty of care to a borrower where the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a lender of money.  *Nymark v. Hart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991).  There is no fiduciary relationship between Plaintiffs and any defendant.  Plaintiffs do not dispute this.  Accordingly, Plaintiffs breach of fiduciary duty claim is DISMISSED WITHOUT LEAVE TO AMEND.

H.   Quiet Title.

"[A] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee."  *Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994) (citations omitted).  Here, Plaintiffs defaulted on the Subject Loan, and do not allege that they have since paid the outstanding balance.

Defendant's motion to dismiss the fourth cause of action is GRANTED WITHOUT LEAVE TO AMEND.

//

//

//

I.  **Breach of the Implied Covenant of Good Faith and Fair Dealing.**

The tort of beach of the covenant of good faith and fair dealing is limited to situations in which a fiduciary relationship exists. *Mitsui Manuf. Bank v. Superior Court*, 212 Cal. App. 3d 726, 730 (1989).  As no fiduciary relationship exists here, this claim is DISMISSED WITHOUT LEAVE TO AMEND.

### V. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is GRANTED in its entirety.  Except with respect to the California Civil Code § 2923.6 and California Business and Professions Code § 17200 for which LEAVE TO AMEND has been granted, this dismissal is WITHOUT LEAVE TO AMEND.

SO ORDERED

Dated:   September 3, 2009

                          /s/ Oliver W. Wanger
                            Oliver W. Wanger
                         United States District Judge